IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>      Plaintiff,<br><br>vs.<br><br>ANDRES NAUTA QUENGA,<br><br>      Defendant. | CRIMINAL CASE NO. CF0340-25<br><br>DECISION AND ORDER:<br>DEFENDANT'S MOTION FOR BAIL<br>REDETERMINATION<br>(PERSONAL RECOGNIZANCE) |

This matter came before MAGISTRATE JUDGE SEAN E. BROWN on October 29, 2025 on a hearing to address Defendant's Motion for Bail Redetermination (Personal Recognizance). Attorney Kristine B. Borja represented Defendant. Assistant Attorney General Lyle Stamps represented the People of Guam. The Court ruled from the bench denying the motion but lowered the required cash bail amount. After having heard the Parties' arguments, considering the Parties' pleadings and the record, the Court now issues the following written Decision and Order documenting the ruling.

## BACKGROUND

Defendant filed the motion on September 2, 2025. The People of Guam then filed an Opposition on September 4, 2025.

## DISCUSSION

### I.    Courts Considerations

The Court entertained a request by the Defense for release on personal recognizance. Defendant was unable to procure third-party custodians or electronic monitoring and could not afford the required cash bail amount.

The Court looks to statutory guidance provided under 8 GCA §§ 40.15 and 40.20 when deciding the issue of release conditions. In consideration of the request, the Court learned that the Defendant is still on pre-trial release in two separate matters. Defendant now has three distinct

pre-trial criminal cases. One other pre-trial matter, CF0281-19, is violent in nature and subjects Defendant to a very substantial amount of jail time. In one of the pre-trial matters, CM0352-23, a charged co-actor is one of the alleged Victims in this case. These circumstances make it difficult for the Court to find that Defendant will be safe in the community and come back to Court if released into the same household as one of his alleged co-actors and two of his alleged Victims.

Defendant argues that two of the Victims in this matter want Defendant to be released and to return home. One of the alleged Victims was present for the hearing and notified the Court that she does want Defendant back home. However, there is a third alleged Victim, which happens to be the police officer reporting to the family disturbance, which gives the Court further pause regarding community safety. The Parties discussed options such as third-party custodians and electronic monitoring but due to the makeup of the family and household, those options may not be available currently.

As a result, the Court will not grant Defendant's release at this time. At the hearing, the Court indicated that electronic monitoring, if approved by probation, would be appropriate for Defendant's release. The Court would also consider third-party custodian based release. The Court also reduced the amount of cash bail required to $1000 to reflect Defendant's current financial status. The Court further directs probation to do an assessment for electronic monitoring.

## CONCLUSION

The Court, therefore, DENIES Defendant's Motion.

So ORDERED this 4th day of November, 2025.

HONORABLE SEAN E. BROWN
MAGISTRATE JUDGE, SUPERIOR COURT OF GUAM

**SERVICE VIA EMAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

OAG & K.Borja

Date 11/4/25 Time: 10:45

Reinita M. Lindlau
Deputy Clerk, Superior Court of Guam